IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STACIE BASS                                                                                          PLAINTIFF

vs.                                                                                           No. 1:08CV100-D-D

FOOD GIANT SUPERMARKETS INC.,
JIMMIE BENNETT, and JOHN DOE                                                        DEFENDANTS

## OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiff's Motion to Remand this matter to the Circuit Court of Lee County, Mississippi. Upon due consideration, the court finds that the motion should be granted because the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000) and therefore, federal diversity jurisdiction does not exist pursuant to 28 U.S.C. § 1332.

### A. Factual Background

The Plaintiff filed this action in the Circuit Court of Lee County, Mississippi, on February 4, 2008, asserting state law claims for negligence against the Defendants in connection with injuries the Plaintiff states she suffered as a result of a fall while on the Defendant's premises in Baldwyn, Mississippi, on August 16, 2005. The Defendant subsequently removed the case to this court, asserting federal diversity jurisdiction as the basis for removal. Thereafter, the Plaintiff requested that the court remand this matter to state court, contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Thus, argues the Plaintiff, the court does not possess subject matter jurisdiction over this action.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where there is no dispute that the action is between citizens of different States but the Plaintiff asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages - as set forth in the complaint - normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

For the reasons set forth below, the court finds that the Plaintiff's assertions concerning remand are correct, and the Plaintiff's motion to remand this cause shall therefore be granted.

### C. Discussion

On the face of her complaint, the Plaintiff seeks compensatory and punitive damages but does not assign a dollar amount to her damages. After Defendants removed the case, Plaintiff agreed to a stipulation of damages not to exceed $75,000.00. In her Motion she stated that she has stipulated that "she will not execute on such Judgement beyond an amount of Seventy-Five Thousand dollars ($75,000.00)." In addition, Defendants, based on the stipulation to damages, do not object to this matter being remanded.[1]

In light of the Plaintiff's stipulation that the amount in controversy in the case *sub judice* is less than $75,000.00, the court finds that federal diversity jurisdiction is not present; thus, the Plaintiff's Motion to Remand is well taken and shall be granted.

### D. Conclusion

The court holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is not present - the matter in controversy does not exceed the sum of $75,000.00. As such, the court does not possess subject matter jurisdiction to adjudicate this cause and the Plaintiff's motion to remand is granted.

A separate order in accordance with this opinion shall issue this day.

This the 15th day of October, 2008.

_____
Senior Judge

---

[1] On July 29, 2008, council for Defendants wrote a letter to the Court advising that Defendants have no objection to the Motion to Remand based on the stipulation of damages.